

*[Handwritten note: Any response by the plaintiff to this letter is due 2/12/25. So ordered. 2/10/25]*

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JACQUELYN DAINOW**
Phone: (212) 356-0896
Fax: (212) 356-3509
Email: jadainow@law.nyc.gov

February 10, 2025

**VIA ECF**
Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:  *Ubiera v. City of New York, et al.*, 24-cv-8685 (DLC)(SDA)

Dear Judge Cote:

      I am an Assistant Corporation Counsel in the Office of the Corporation Counsel, attorney for the City of New York in the above-referenced action. Defendant City writes to respectfully request a stay of this case, thereby also staying the time for all Defendants to respond to the Complaint, pending the ongoing New York City Department of Correction ("DOC") investigation into the underlying incident at issue. The City respectfully requests that this case is stayed until forty-five (45) days after the investigation has concluded, and also requests an adjournment of the initial conference currently scheduled for February 14, 2025. Defendant submits that Plaintiff will not be prejudiced in any way by this stay. Counsel for Plaintiff does not consent to this request and will file a separate letter setting forth Plaintiff's position.[1]

      In the Complaint, Plaintiff Marciela Ubiera, as Administrator of the Estate of Donny Ruben Ubiera, alleges a violation of Plaintiff-decedent's Constitutional rights on or about August 21, 2023 and August 22, 2023 while he was in DOC custody. Specifically, Plaintiff claims that Plaintiff-decedent had a long history of mental health issues and substance abuse, and that DOC failed to provide him with mental health services, care, and supervision. Plaintiff further alleges that as a result, Plaintiff-decedent overdosed and subsequently died. Plaintiff also appears to allege *Monell* liability against the City of New York. *See* ECF No. 1.

      This incident is the subject of a current and ongoing investigation by DOC. Defendant City therefore respectfully requests a stay of this matter pending the resolution of the DOC investigation for the following reasons. Preliminarily, a stay here would safeguard against

---

[1] Per Your Honor's Notice of Initial Pretrial Conference (ECF No. 7), the undersigned states that counsel for the City is available on any succeeding Friday for an initial conference.

the possibility that a conflict of interest may arise during the pendency of the litigation. As described in the Complaint, the two individual Defendants are DOC employees (a Captain and a Correction Officer). Pursuant to N.Y. General Municipal Law § 50-k, the City is obligated to provide representation to individual defendants to the extent that they were acting within the scope of their duties as its employees during the incident in question and were not in violation of any agency rule or regulation. Absent a stay, this Office may be required to make representation decisions regarding these DOC employees prior to learning the outcome of the DOC's investigation concerning their conduct. Should the investigation later find any of them responsible for any wrongdoing or misconduct in connection with the incident that is the subject of this litigation, defense counsel may be conflicted out of the matter entirely and new counsel would need to be retained for all Defendants. Such a scenario would likely cause a greater disruption to the instant action than the requested stay. *See Heth & JED Community Rockers v. City of New York*, 12-cv-1080 (PAE), ECF No. 6 (S.D.N.Y. Apr. 12, 2012) (granting a stay due to a pending IAB investigation relating to the incident underlying the lawsuit as it may impact the ability of counsel for the City to represent the individual defendants); *Drew v. City of New York*, 18-cv-8529 (JMF), 2019 U.S. Dist. LEXIS 237244 (S.D.N.Y. Feb. 22, 2019) (staying case "pending the resolution of the ongoing Department of Correction investigation into the incidents alleged in this case.")

Of note, courts in this Circuit have repeatedly stayed civil actions pending active internal investigations by the DOC. *See, e.g., Palmer v. City of New York, et al.*, 24-cv-8035 (CM) (S.D.N.Y. January 13, 2025) (ECF No. 27 (granting stay of case pending DOC investigation)); *Morgan, et al. v. City of New York, et al.*, 23-cv-1079 (NRB) (S.D.N.Y. June 12, 2023) (ECF No. 18 (granting stay of case pending DOC investigation)); *Shy-Kym Samuel v. Captain Polpotic, et al.*, 18-cv-4039 (JMF) (S.D.N.Y. Aug. 30, 2018) (ECF No. 20 (endorsed letter granting stay pending DOC investigation)); *Michael Megginson v. C.O. Molina, et al.*, 18-cv-5808 (GHW) (S.D.N.Y. Sept. 19, 2018) (ECF No. 19 (endorsed letter granting limited stay pending DOC investigation)); *Christopher H. Cano v. Officer Oxley*, 18-cv-3428 (BMC) (CLP) (E.D.N.Y. Oct. 18, 2018) (ECF No. 15, at 2 (granting stay "pending outcome of an internal investigation into underlying incident by New York City Department of Correction")) *see also Saleh et al v. The City of New York*, 12-cv-00278 (ERK) (SMG) (E.D.N.Y. May 10, 2012) (granting stay due to pending IAB investigation as denial of a stay would complicate and prolong litigation); *Troy Jones v. City of New York et al.*, 14-cv-2094 (ENV) (JMA) (E.D.N.Y. May 16, 2014) (granting stay due to pending open CCRB investigation); *Annan v. City of New York*, 12-cv-2702 (CBA) (CLP) (E.D.N.Y. Sept. 7, 2012) (ECF No. 24 (granting stay in pro se case due to open IAB investigation)); *Debra Constantino v. City of New York et al.*, 13-cv-4175 (PKC) (LB) (E.D.N.Y. Nov. 27, 2013) (granting stay due to pending CCRB investigation); *Butler v. City of New York*, 12-cv-3759 (JPO) (S.D.N.Y. Sept. 7, 2012) (ECF No. 10 (granting stay in light of open Internal Affairs investigation into incident alleged in the complaint)); *Ortiz v. City of New York*, 13-cv-07367 (LTS), ECF No. 20 (S.D.N.Y. June 10, 2014) (staying case during pendency of CCRB investigation).

Accordingly, for the aforementioned reasons, similar to the numerous cases cited above, including *Drew v. City of New York*, a stay is appropriate in this matter. Therefore, the City respectfully requests that this Court grant a stay of this action pending the ongoing DOC investigation into the underlying incident until 45 days after the investigation has concluded, thereby also staying the time for all Defendants to respond to the Complaint, and adjourning the initial conference, and for such other and further relief as this Court deems just and proper.

I thank the Court for its consideration.

Respectfully submitted,

s/ *Jacquelyn Dainow*

Jacquelyn Dainow
Assistant Corporation Counsel

cc: All counsel of record (via ECF)