# EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10ᵀᴴ FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

February 12, 2025

**_Via ECF_**
Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    _Ubiera v. City of New York, et al._, 24-cv-8685 (DLC)(SDA)

Dear Judge Cote:

This firm represents Plaintiff Maricela Ubiera as Administrator of the Estate of Donny Ruben Ubiera in the above-captioned matter. We write to oppose Defendant the City of New York's request to adjourn the conference scheduled for February 14, 2025, and the City's request that this case be stayed indefinitely pending the conclusion of the Department of Correction ("DOC") investigation into Mr. Ubiera's death. _See_ ECF No. 15.

The Court should deny the City's request for an indefinite stay because it lacks a legal basis and will prejudice Plaintiff's ability to timely pursue this action. Mr. Ubiera died on August 22, 2023, at age 33, while in DOC custody. The City has had 18 months to investigate Mr. Ubiera's death and 3 months to respond to Plaintiff's complaint. Plaintiff previously consented to, and the Court granted, a 60-day extension for the City to answer Plaintiff's complaint. Now, the City claims DOC's investigation is rationale enough to stay this litigation _sine die_. The City's sole argument—an unrealized, inchoate conflict of interest—is insufficient justification for its request. Because the City has failed to establish the need for a stay, "there is no reason why plaintiff should be delayed in [her] efforts to diligently proceed to sustain [her] claim." _Louis Vuitton Malletier S.A. v. LY USA, Inc._, 676 F.3d 83, 97 (2d Cir. 2012) (citation omitted).

The mere possibility that the DOC investigation could give rise to a conflict of interest disqualifying Corporation Counsel from representing the individual Defendants is not a reason for an indeterminate stay. Another court in this Circuit recently explained: "[I]ndefinitely staying [a] proceeding is not the only solution to [the possibility that an ongoing investigation's findings could disqualify Corporation Counsel from representing officer-defendants], nor the most appropriate one." _Saint-Fort v. City of New York_, 22-cv-6879 (NRM), 2023 WL 2771606, at *3 (E.D.N.Y. Apr. 4, 2023). Instead, the court described, the individual defendants can enter appearances through their own counsel while Corporation Counsel determines whether it can represent the officers under N.Y. Gen. Mun. Law § 50-k. _See id._ "If Corporation Counsel later answers that

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 2

question in the affirmative, then the officers' retained attorneys can withdraw from the case and Corporation Counsel can proceed to represent all defendants with little risk of conflict." *Id.*

*Heth & JED Community Rockers v. City of New York*, 12-cv-1080 (PAE) (S.D.N.Y.), is materially different from this case in two important respects. First, in *Heth*, the City specifically represented that the Internal Affairs Bureau was investigating whether the individual officer-defendant had violated any NYPD rules or regulations—so staying the litigation until the investigation's conclusion made good sense for purposes of avoiding a conflict of interest. *See* 12-cv-1080 ECF No. 6 at 2-3 (Apr. 12, 2012). Here, although the City claims the DOC investigation could find wrongdoing by the individual Defendants, it has not specifically represented that the individual Defendants are in fact being investigated by DOC for violating a DOC rule or regulation—only that a general investigation into the incident is ongoing.

Even more importantly, the City represented in *Heth* that the IAB investigator anticipated the investigation would be finalized in two to three months. *See id.* at 3. Here, the City has offered no time frame at all for the completion of the DOC investigation, nor any detail about when the investigation began, its scope, or anything else. In fact, Plaintiff's counsel has pursued DOC records relevant to this case for almost 12 months via FOIL request. Since August 2024, DOC counsel has maintained that the investigation into Mr. Ubiera's death is still in process and has refused to provide an estimated date of completion, even though Mr. Ubiera died 18 months ago, and the New York Attorney General's Office of Special Investigation completed its review of his death over 4 months ago. *See* N.Y. State Att'y Gen. Office of Special Investigation, *Fourth Annual Report* 32 (Oct. 1, 2024), https://ag.ny.gov/sites/default/files/reports/20241001-annual-report.pdf.

*Drew v. City of New York*, 18-cv-8529 (JMF) (S.D.N.Y.), is similarly inapposite: in that case, the underlying incident had occurred only three months before the plaintiff commenced litigation, and the City informed the court of the ongoing DOC investigation a relatively short six months after the underlying incident. 18-cv-8529 ECF No. 13 (Dec. 6, 2018). Even so, the stay in *Drew* lasted for almost 12 months because DOC's investigation did not conclude until October 2019, over a year after the complaint was filed. 18-cv-8529 ECF No. 50 (Oct. 18, 2019). Mr. Ubiera died a year and a half ago. The City has given the Court no basis to conclude that DOC's investigation of his death is near completion, though it remains unclear what could be left to investigate at Mr. Ubiera's death at this point. Instead, the City seeks an unwarranted, indefinite stay of this case.

At bottom, that courts have stayed *other* civil actions pending active DOC investigation does not mean the Court should stay *this* litigation—especially based on a submission barely tailored to the circumstances of Plaintiff's suit, *see, e.g.*, *Palmer v. City of New York*, 24-cv-8035 (CM), ECF No. 26 (S.D.N.Y. January 10, 2025) (almost identical letter by Corporation Counsel seeking litigation stay). The City has had 18 months to investigate Mr. Ubiera's death; its failure to complete that investigation in a timely fashion should not bear on Plaintiff's ability to prosecute her claims. Contrary to the City's claims that a stay will not prejudice Plaintiff in "any way," a stay will needlessly prolong the case and undermine Plaintiff's right to seek relief for the violation of Mr. Ubiera's rights, which ultimately resulted in his death. The Court should deny the City's request for a stay and hold the initial conference as scheduled.

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 3

Respectfully submitted,

*/s Sonya Levitova*
Sonya Levitova

c.      All counsel of record (via ECF)