

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**JACQUELYN DAINOW**
Phone: (212) 356-0896
Fax: (212) 356-3509
Email: jadainow@law.nyc.gov

April 3, 2025

**VIA ECF**
Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:  *Ubiera v. City of New York, et al.*, 24-cv-8685 (DLC)(SDA)

Dear Judge Cote:

    I am an Assistant Corporation Counsel in the Office of the Corporation Counsel, attorney for the City of New York in the above-referenced action. Defendant City writes to update the Court on the status of the New York City Department of Correction ("DOC") investigation into the incident that is the subject of Plaintiff's Complaint, to respectfully request a 45-day extension of time to respond to the Complaint from April 11, 2025 until May 26, 2025, and for an adjournment of the April 11, 2025 conference. Counsel for Plaintiff consents to the extension request contingent on Defendant agreeing to produce the final DOC investigation report by April 30, 2025, which the City has agreed to do. Counsel for Plaintiff also advised that they take no position on an adjournment of the conference scheduled for April 11th and are available to appear that day.

    For reference, in the Complaint, Plaintiff Marciela Ubiera, as Administrator of the Estate of Donny Ruben Ubiera, alleges a violation of Plaintiff-decedent's Constitutional rights by Defendants City of New York, Correction Officer Sincere Crowell, and Captain Angelo Erland Lessey, on or about August 21, 2023 and August 22, 2023 while he was in DOC custody. Specifically, Plaintiff claims that Plaintiff-decedent had a long history of mental health issues and substance abuse, and that DOC failed to provide him with mental health services, care, and supervision. Plaintiff further alleges that as a result, Plaintiff-decedent overdosed and subsequently died. Plaintiff also appears to allege *Monell* liability against the City of New York. ECF No. 1.

    On February 14, 2025, this Court ordered that all Defendants' time to respond to the Complaint was extended to April 11, 2025, and that a status conference was scheduled for

April 11, 2025, as well.[1] ECF No. 19. The Court ordered that the need for the April 11, 2025 status conference may be obviated if the investigation was completed before April 11, 2025. In compliance with the directives of the Court at the February 14, 2025 conference, the undersigned writes to inform the Court that she was recently informed that the DOC investigation into the incident underlying the Complaint has concluded, and that there are no further levels of internal review. Because the investigation has now concluded, Defendant City requests an adjournment of the April 11, 2025 conference, *sine die*.[2]

Given the above, Defendant City respectfully requests a 45-day extension of time, from April 11, 2025 until May 26, 2025, to respond to Plaintiff's Complaint.[3] This extension is requested to allow sufficient time to determine representation for the individual Defendants pursuant to the New York General Municipal Law, and due to various conflicting deadlines and time-sensitive matters spanning numerous other cases.

Accordingly, Defendant City respectfully requests that this Court extend the time for all Defendants to respond to the Complaint until May 26, 2025, and adjourn the April 11, 2025 status conference, and for such other and further relief as this Court deems just and proper.

I thank the Court for its time and consideration.

*Granted. The conference is adjourned to June 5 at 2:30 p.m.*
*[signature] Denise Cote*
*4/4/25*

Respectfully submitted,

s/ *Jacquelyn Dainow*
Jacquelyn Dainow
Assistant Corporation Counsel

cc: All counsel of record (via ECF)

---

[1] The Court also ordered that an attorney in the Office of General Counsel for the DOC who has knowledge of the DOC investigation into the events underlying Plaintiff's claims attend the conference.

[2] To the extent the Court determines that the April 11, 2025 conference go forward, Defendant City requests 1) that the City be relieved of its obligation for an attorney from DOC to appear at the conference; and 2) that the conference be adjourned to a date the following week or thereafter as the undersigned will be on trial beginning on April 7, 2025 in the matter of *Jonathan Banyan v. Sikorski et al.*, 18-CV-2765 (JGLC) (VF) (SDNY) before the Honorable Jennifer L. Rochon, and the trial will possibly go into April 11th.

[3] Defendant City also respectfully requests that the Court *sua sponte* grant the same extension as to the individual defendants for the sake of judicial economy.

2