# EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

JONATHAN S. ABADY
MATTHEW D. BRINCKERHOFF
ANDREW G. CELLI, JR.
RICHARD D. EMERY
DEBRA L. GREENBERGER
DIANE L. HOUK
DANIEL J. KORNSTEIN
JULIA P. KUAN
HAL R. LIEBERMAN
ILANN M. MAAZEL
KATHERINE ROSENFELD
ZOE SALZMAN
SAM SHAPIRO
EARL S. WARD
O. ANDREW F. WILSON

ATTORNEYS AT LAW
ONE ROCKEFELLER PLAZA
8TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

DANIEL M. EISENBERG
VASUDHA TALLA

CLAIRE Z. ABBADI
ERIC ABRAMS
NICK BOURLAND
HANNAH BRUDNEY
SARA LUZ ESTELA
BIANCA HERLITZ-FERGUSON
LAURA S. KOKOTAILO
SONYA LEVITOVA
HAFSA S. MANSOOR
SANA MAYAT
DANIEL A. PEÑA
VIVAKE PRASAD
MAX SELVER
MAGGIE TURNER
EMILY K. WANGER
RACHAEL WYANT
SYDNEY ZAZZARO

January 9, 2026

*Via ECF*

Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: *Ubiera v. City of New York, et al.*, 24-cv-8685 (DLC)(SDA)

Dear Judge Cote:

  Our firm represents Plaintiff Maricela Ubiera as Administrator of the Estate of Donny Ruben Ubiera in the above-captioned matter. We write to respectfully request a 60-day extension of the operative pre-trial scheduling order issued on July 2, 2025, at ECF No. 27. Counsel for Defendants Lessey and the City of New York and counsel for Defendants Russell, Sam, and Crowell join in this request, which we make to conserve the Court's resources so that the parties can meaningfully evaluate the case for settlement and settlement negotiation in light of the following circumstances.

  As the docket indicates, Plaintiff commenced this litigation in November 2024. However, it was not until yesterday, January 8, 2026, that the City first produced the Genetec video footage of Mr. Ubiera's housing unit on Rikers Island the day before and morning of his death, critically important evidence which Plaintiff had unsuccessfully sought via FOIL requests and litigation beginning in November 2023. Plaintiff requested the footage from the City as soon as a protective order was in place; the City stated that it was "looking into relevant Genetec/video footage from the date of incident and [would] respond in due course." The footage was finally produced yesterday. This footage is voluminous and requires careful review because it will inform both settlement efforts and expert discovery.

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 2

In addition to the delay in receiving the Genetec footage, Plaintiff did not receive a critical report summarizing the DOC investigation into Mr. Ubiera's death in a useable and unredacted format that allowed her to identify all the Doe defendants until July 22, 2025. Two weeks after receiving the less-redacted report, Plaintiff amended her complaint on August 8, 2025, *see* ECF No. 33, and Defendants City of New York and Captain Lessey were granted an extension of time until October 21, 2025, to respond, *see* ECF No. 37. As the parties noted in their joint letter to Judge Aaron requesting to adjourn a settlement conference, "no discovery [would take] place" before all Defendants had answered Plaintiff's amended complaint. *See* ECF No. 40. Defendants Russell and Sam then sought and received two additional extensions of time to answer and ultimately answered Plaintiff's complaint on December 21, 2025. *See* ECF Nos. 43, 46, 53. In short, all five Defendants did not answer the operative pleading until over a year after the litigation had commenced and almost six months after discovery had been set to begin.

The parties have been actively engaged in discovery over the past month. Plaintiff has proposed deposition dates for all four individual Defendants; Defendant Lessey's deposition date is set, as is Plaintiff's. Both depositions will take place the first week of February. However, the deposition dates Plaintiff proposed for Defendants Russell, Sam, or Crowell did not work for those Defendants' schedules, and those Defendants have not yet proposed alternative dates. The parties are communicating daily but will not be able to conduct five fact witness depositions and conclude expert discovery—which will rely on those deposition transcripts—before February 13, 2026.

On January 7, 2026, Judge Aaron scheduled a settlement conference for March 24, 2026; under the current schedule, that settlement conference will not take place until after any summary judgment motions are submitted.

The parties are now positioned to meaningfully evaluate the case for settlement and settlement negotiation but need time to do so given the delays to date. We therefore respectfully request a 60-day extension of the operative pre-trial scheduling order. We thank the Court for its consideration.

Respectfully submitted,

Sonya Levitova

c.    All counsel of record (via ECF)

*[Handwritten note:]* Denied. Any summary judgment motion & pretrial order remains due March 13. Should the parties desire mediation in February, they shall advise the Court by 1/16/26.

*[Signed]* Denise Cote
1/9/26