

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **INNA SHAPOVALOVA**<br>*Senior Counsel*<br>Phone: (212) 356-2656<br>Fax: (212) 356-3509<br>inshapov@law.nyc.gov |

February 12, 2026

**BY ECF**
Honorable Denise L. Cote
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

        Re:    <u>Ubiera v. City of New York, et al.</u>,
                24 Civ. 8685 (DLC)

Your Honor:

      I am a Senior Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York and the attorney representing defendants the City of New York and Captain Angelo Erland Lessey ("City Defendants") in the above-referenced action. Due to plaintiff's late expert disclosure, City Defendants respectfully request that the Court preclude plaintiff from relying upon any purported experts in support of her case.

      By way of background, Plaintiff Marciela Ubiera, as Administrator of the Estate of Donny Ruben Ubiera, alleges violations of Plaintiff-decedent's Constitutional rights by Defendants City of New York, Correction Officer Sincere Crowell, Captain Angelo Erland Lessey, Correction Officer Eaugene Russell, and Correction Officer Trevor Sam on or about August 21, 2023 and August 22, 2023 while he was in New York City Department of Correction ("DOC") custody. Specifically, Plaintiff claims that Plaintiff-decedent had a long history of mental health issues and substance abuse, and that DOC failed to provide him with mental health services, care, and supervision. Plaintiff further alleges that as a result, Plaintiff-decedent overdosed on methadone and subsequently died. Plaintiff also alleges <u>Monell</u> liability against the City of New York. <u>See</u> ECF No. 1.

As the Court is aware, on July 2, 2025, Your Honor set the deadline to complete fact discovery for December 12, 2025 and set the schedule for expert discovery as follows: "Expert reports and disclosure of expert testimony conforming to the requirements of Rule 26(a) (2) (B), Fed. R. Civ. P., by the party bearing the burden on an issue must be served by January 9, 2026. Identification of rebuttal experts and disclosure of their expert testimony must occur by January 30, 2026. 7. Expert discovery must be completed by February 13, 2026." ECF No. 27.

On December 3, 2025, the undersigned filed a letter motion for substitution of counsel on behalf of the City Defendants. See ECF Nos. 48, 49. On December 10, 2025, the undersigned filed a joint request on behalf of all of the parties for an extension of time to complete fact discovery and corresponding extensions of the remaining deadlines in the Court's July 2, 2025 Pretrial Scheduling Order. See ECF No. 51. The Court granted the request in part and ordered that "[t]he parties may, on consent, extend the period of fact discovery into the period of expert discovery. Any summary judgment motion or a pretrial order remains due on March 13." ECF No. 52. Notably, no extensions for the expert discovery deadlines were granted.

In accordance with the Court's Order, the parties extended the fact discovery period into the period of expert discovery set to close on February 13, 2026. Plaintiff served her first discovery demands in this matter on December 18, 2025. On January 9, 2026, plaintiff's counsel, Sonya Levitova, filed a joint request on behalf of all of the parties for an extension of time of the operative July 2, 2025 Pretrial Scheduling Order to allow the parties an opportunity to engage in settlement discussions prior to the deadline to submit a summary judgment motion or proposed pretrial order as the settlement conference at that time was scheduled to be held before Judge Aaron on March 24, 2026. See ECF No. 56. That same day, the Court denied that request and ordered that "[a]ny summary judgment motion or pretrial order remains due March 13. Should the parties desire mediation in February, they shall advise the Court by 1/16/26." ECF No. 57. Once again, no extension of any of the expert discovery deadlines was granted.

Plaintiff did not serve any expert reports or disclosures of expert testimony on January 9, 2026, as she was required to pursuant to the scheduling order. Instead, almost a month after the Court ordered deadline, on February 6, 2026, plaintiff served what she purports to be her expert disclosure, including the name, CV and report of one purported expert, Stephen Sinclair. The expert report provided by plaintiff opines on the New York City Department of Correction ("DOC") policies/procedures and whether the expert believes the individual defendants performed their duties appropriately. Upon receipt of plaintiff's expert disclosures, the undersigned informed plaintiff's counsel the disclosure was untimely and inquired as to the reason plaintiff was attempting to serve expert disclosures one month after the Court-imposed deadline and one week before the close of all discovery. In response, counsel indicated the report was late due to the belated state of fact discovery. Notably, a list of materials considered by the expert was included as an attachment to plaintiff's expert disclosure; which includes the DOC Special Investigation Unit ("SIU") report produced by City Defendants with their initial disclosures on July 23, 2025, several documents which appear to have been produced with plaintiff's initial disclosures on July 23, 2025, plaintiff's Amended Complaint, and video surveillance footage which was produced to plaintiff on January 8, 2026 and discussed in great detail with reference to specific timestamps in the SIU report produced to plaintiff on July 23, 2025.

City Defendants respectfully request that the Court preclude plaintiff from relying upon experts in this case.  Rule 26(a)(2) mandates the pretrial disclosure of the identities of expert witnesses, as well as other related information such as their opinions.  See Fed. R. Civ. P. 26(a)(2). In order to prevent the unfair "sandbagging" of adverse parties, Rule 37(c)(1) prohibits the use of expert opinions that were not timely disclosed under Rule 26(a)(2).  See Point 4 Data Corp. v. Tri-State Surgical Supply & Equip., Ltd., No. 11-CV-726 (CBA) (RLM), 2013 U.S. Dist. LEXIS 109298, at *53 (E.D.N.Y. Aug. 2, 2013) (citing cases).  Rule 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The party that violates Rule 26 bears the burden of showing that its violation was either substantially justified or harmless." Avillan v. Donahoe, 13-CV-509, 2015 U.S. Dist. LEXIS 20050, 2015 WL 728169, at *7 (S.D.N.Y. Feb. 19, 2015) (internal quotation marks and citations omitted). In determining whether preclusion is appropriate, Courts "examine (1) the party's explanation for the failure to comply with the discovery rules; (2) the importance of the precluded evidence; (3) the prejudice suffered by the opposing party as a result of having to prepare to address the new evidence; and (4) the possibility of a continuance." Point 4 Data Corp., 2013 U.S. Dist. LEXIS 109298, at 47.

Here, plaintiff has not provided a compelling explanation for her failure to comply with the January 9, 2026 deadline.  According to plaintiff, the delay was due to the fact that plaintiff had not received all of the necessary discovery sufficiently in advance of the expert disclosure – that is simply incorrect.  As set forth above, the vast majority of the documents relied upon by the purported expert were either already in plaintiff's possession as they were produced with her initial disclosures on July 23, 2025 or were produced as part of City Defendant's initial disclosures on the same date. Regarding the video surveillance footage produced on January 8, 2026, to the extent that plaintiff thought that such evidence was crucial to her expert disclosure, plaintiff could, and should, have explained that to the Court and sought to extend the expert discovery deadline rather than ignoring the deadline and unilaterally serving her expert disclosure after the Court-imposed deadline. Further, permitting the belated disclosure will prejudice City Defendants as plaintiff has served her expert disclosures one week before the end of all discovery, thereby not allowing virtually any opportunity for the City Defendants to submit rebuttal disclosures; which would require a review of the plaintiff's expert disclosures, search for an appropriate rebuttal expert, conferral with the identified expert and the preparation of rebuttal disclosures. Indeed, the operative Scheduling Order recognized the timing involved in preparing and serving expert disclosures since it provided defendants three weeks to finalize their rebuttal expert disclosures. Finally, plaintiff's late disclosure will delay the close of discovery, as City Defendants would need time to produce a rebuttal disclosure, there may need to be depositions of the experts, and the March 13 deadline for summary judgment motions or the filing of the pretrial order would have to be extended.

As the balance of factors weighs in City Defendants' favor, defendants respectfully request that the Court preclude plaintiff from relying upon any experts in this matter.

Thank you for your consideration herein.

Respectfully submitted,

*/s/ Inna Shapovalova*

Inna Shapovalova
*Senior Counsel*
Special Federal Litigation Division

CC: **VIA ECF**
All counsel of record