Emery Celli Brinckerhoff Abady Ward & Maazel LLP

February 13, 2026

*Via ECF*

Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street, New York, NY 10007

      Re:    *Ubiera v. City of New York, et al.*, 24-cv-8685 (DLC) (SDA)

Dear Judge Cote:

      Our firm represents Plaintiff Maricela Ubiera as Administrator of the Estate of Donny Ruben Ubiera in the above-captioned matter. We write to oppose the City Defendants' request that Plaintiff be precluded from relying on expert testimony and to propose an expert discovery schedule that resolves this matter.

      Plaintiff served her expert report and disclosed her expert, Mr. Stephen Sinclair, as soon as she could practicably do so given the numerous discovery delays in this case caused by Defendants and by previous counsel for the City Defendants. As outlined in the parties' joint January 9, 2026 letter, *see* ECF No. 56, after receiving numerous extensions to respond to the Complaint and Amended Complaint, all Defendants did not even *answer* the operative Complaint until December 15, 2025, over a year after Plaintiff filed her case and almost six months after discovery had been set to begin.

      Due to Defendants' delay, the parties jointly sought to extend the discovery schedule in this case, and, in keeping with the Court's order, Plaintiff was required to extend fact discovery "into the period for expert discovery." ECF No. 52. Concerned that an expert lacked sufficient time to produce a report, Plaintiff twice proposed internal extensions of expert discovery deadlines to permit the parties both to conduct meaningful expert discovery (i.e. to do so after depositions and document production) and to meet the Court's March 13, 2026 deadline for summary judgment motions. Defendants refused both times and provided no alternative solutions, leading to a lack of clarity as to when Defendants believed expert disclosures were due. Plaintiff regrets not raising this issue with the Court at that time, but felt that the parties had already burdened the Court with various scheduling matters and opted to simply move forward based on what was practicable.

      Plaintiff's delay in producing Mr. Sinclair's report was justified based on the conduct of discovery in this case, which ultimately departed substantially from what the Court envisioned when it set the expert disclosure deadline back in July 2025 after the initial pretrial conference. When the Court set the February 13, 2026 expert disclosure deadline, the operative schedule had called for Defendants to answer by June 26, 2025, and assumed that the parties would have conducted six months of discovery by February 13, 2026.

      Instead, Defendants' delays in answering the Complaint (requiring this Court to issue a

Emery Celli Brinckerhoff Abady Ward & Maazel llp
Page 2

Order to Show Cause as to Defendants Russell and Sam), the turnover in the City Law Department necessitating other extensions, the delay in providing documents (critical ones are coming in still this week), the failure to provide the Genetec video until January 8, 2026, and unreasonable conduct around scheduling depositions meant that essentially *no discovery* had occurred by January 8, 2026, the original due date for expert reports. Indeed, depositions in this case concluded only *yesterday* because of numerous delays by Defendants Crowell, Russell, and Sam that required Plaintiff to follow up with counsel nine separate times to set deposition dates.[1] Defendants also failed to provide the Genetec footage depicting the jail housing unit on the evening of Mr. Ubiera's death until January 8, 2026—one day before expert reports were originally due. Contrary to the City's assertion, the SIU report did not recite every pertinent fact that the Genetec footage ultimately revealed, and Plaintiff's expert had to review the footage before providing an opinion.[2]

As of this writing—on the last day of discovery—the City has not yet fully responded to requests for clearly relevant DOC policies, directives, and rules that Plaintiff made on December 18, 2025, despite a meet and confer on January 29, 2026, where Plaintiff reiterated her need for the documents. Defendants' delays in participating in fact discovery have prejudiced Plaintiff and prevented her from serving an expert report by January 9, 2026. She did, however, serve it by February 6, before the close of fact discovery, consistent with the Court's suggestion that such a scheduling adjustment would be appropriate here.

"Preclusion of evidence is generally a disfavored action." *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002). *Cf. World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 160 (2d Cir. 2012) (striking a late-filed report is unwarranted where the party "did not seek an unfair advantage over the adversary"). That is especially true here, where Plaintiff's delay is both justifiable and harmless. Defendants have weeks to secure a rebuttal expert and depose Mr. Sinclair if they wish to do so in advance of summary judgment briefing. In keeping with the original pretrial scheduling order, which provided the parties three weeks to identify rebuttal experts and an additional two weeks to finish expert discovery, Plaintiff proposes that Defendants identify any rebuttal expert by February 27, 2026 (three weeks after Mr. Sinclair's report was disclosed), and that expert discovery conclude on the same day that summary judgment briefing is due, March 13, 2026. Should Defendants not wish to identify a rebuttal expert, Plaintiff

---

[1] Following the change in counsel for the Law Department and the belated answer of all Defendants, Plaintiff served notices of deposition on December 18, 2025, for all four individual Defendants for January 12 (Russell), 13 (Sam), 14 (Lessey), and 15 (Crowell), 2026. Defendants' counsel rejected these dates. Plaintiff followed up nine times about Defendants Crowell, Russell, and Sam's availability, on **January 5**, **January 7**, **January 8**, **January 9** (twice), **January 12**, **January 13**, and **January 14** (again, twice). Plaintiff finally secured Defendants' agreement to a schedule where Crowell would be deposed on January 22, Russell on February 3, and Sam on February 10. One week later, on **January 21**, the day before Crowell's deposition was to take place, Crowell's counsel stated that the "date is not agreed to please cancel." Over Plaintiff's objection, and due to Defendants' delay tactics, Crowell's deposition was rescheduled for February 5, then to February 12 to accommodate the schedule of another witness in the case. Ultimately, depositions in this case began less than two weeks *before the close of discovery* and were completed only yesterday. None of these delays was caused by Plaintiff, who has doggedly pursued discovery.

[2] Mr. Sinclair did not list materials that he would have considered had they been available. Contrary to the City's assertions, and reserving all rights as to the application of the work product doctrine, Mr. Sinclair specifically informed Plaintiff that he could not include information in his report—however valuable or useful—without an evidentiary basis. He plans to supplement his report after reviewing the additional discovery post-dating it, should it be relevant.

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 3

suggests that they inform the Court of such a decision by February 20, 2026; in that case, expert discovery will conclude one week earlier, on March 6, 2026.

  We thank the Court for its consideration.

              Respectfully submitted,

              Sonya Levitova
              Julia Kuan
              Katherine Rosenfeld

c.  All counsel of record (via ECF)

Case 1:24-cv-08685-DLC   Document 62   Filed 02/13/26   Page 3 of 3